Cite as: 581 U. S. ____ (2017)          1

# SUPREME COURT OF THE UNITED STATES

_____

No. 16A1160 (16–1407)

_____

## THOMAS D. ARTHUR *v.* JEFFERSON S. DUNN, COMMISSIONER, ALABAMA DEPARTMENT OF CORRECTIONS, ET AL.

ON APPLICATION FOR STAY AND PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

[May 25, 2017]

The application for stay of execution of sentence of death presented to JUSTICE THOMAS and by him referred to the Court is denied. The petition for a writ of certiorari is denied. The order heretofore entered by JUSTICE THOMAS is vacated.

JUSTICE SOTOMAYOR, dissenting from denial of application for stay and denial of certiorari.

Alabama plans to execute Thomas Arthur tonight using a three-drug lethal-injection protocol that uses midazolam as a sedative. I continue to doubt whether midazolam is capable of rendering prisoners insensate to the excruciating pain of lethal injection and thus whether midazolam may be constitutionally used in lethal injection protocols. See *Arthur* v. *Dunn*, 580 U. S. ___, ___–___ (2017) (SOTOMAYOR, J., dissenting from denial of certiorari) (slip op., at 16–17); *Glossip* v. *Gross*, 576 U. S. ___, ___–___ (2015) (SOTOMAYOR, J., dissenting) (slip op., at 10–22). Here, the State has—with the blessing of the courts below—compounded the risks inherent in the use of midazolam by denying Arthur's counsel access to a phone through which to seek legal relief if the execution fails to proceed as planned.

Prisoners possess a "constitutional right of access to the

courts." *Bounds* v. *Smith*, 430 U. S. 817, 821 (1977). When prison officials seek to limit that right, the restriction is permitted only if "it is reasonably related to legitimate penological interests." *Turner* v. *Safley*, 482 U.S. 78, 89 (1987). Here, the State has no legitimate reason—penological or otherwise—to prohibit Arthur's counsel from possessing a phone during the execution, particularly in light of the demonstrated risk that midazolam will fail. See *Arthur*, 580 U. S., at ___ (slip op., at 16) (detailing "mounting firsthand evidence that midazolam is simply unable to render prisoners insensate to the pain of execution"). To permit access to a telephone would impose no cost or burden on the State; Arthur's attorneys have offered to pay for the phone and provide it for the State's inspection. The State's refusal serves only to frustrate any effort by Arthur's attorneys to petition the courts in the event of yet another botched execution. See, *e.g.*, Berman, Arizona Execution Lasts Nearly Two Hours, Washington Post, July 23, 2014 ("During the execution, Wood's attorneys filed a request to halt the lethal injection because he was still awake more than an hour after the process began"), https://www.washingtonpost.com/news/post-nation/wp/2014/07/23/arizona-supreme-court-stays-planned-execution/ (as last visited May 25, 2017). Its action means that when Thomas Arthur enters the execution chamber tonight, he will leave his constitutional rights at the door.

I dissent from the Court's refusal to grant the application for a stay and accompanying petition for certiorari.